UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON R. NUNN,

        Plaintiff,

        v.                     CAUSE NO. 3:23CV977-PPS/JPK

ST. JOSEPH COUNTY JAIL,

        Defendant.

OPINION AND ORDER

Jason R. Nunn, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Nunn alleges that he is housed with a federal inmate[1] that steals his commissary goods, has engaged in physical altercations with him on two occasions, and has threatened to kill him. When Nunn tries to report this by leaving notes for staff, his

---

[1] Nunn indicates that he should not be housed with a federal inmate. Housing Nunn with a federal inmate may violate the jail's policies, but it does not violate the Constitution. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

cellmate tears up the notes. Nunn is unable to sleep because he is afraid that he will be attacked again.

Nunn's complaint names only one defendant: the St. Joseph County Jail. The St. Joseph County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, I cannot allow him to proceed against the jail.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

"[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

In the context of failure-to-protect cases, the Seventh Circuit has equated "substantial risk" to risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997).

Here, Nunn has not alleged that he told any jail personnel about the fights that had occurred or his cellmate's threats. He says he is unable to get a note to staff because his cellmate tears them up, but he has not explained what other efforts he has made to alert staff to his concerns. It is not plausible to infer that there is no method whatsoever for him to communicate his concerns with a staff member. In fact, the complaint indicates he had at least one opportunity; he asked a correctional officer what would happen if he reported a fight and made a choice not to report the fight when he learned that both inmates would go to solitary.

For these reasons, the complaint does not state a claim. However, because Nunn has indicated that he is afraid he will be harmed by his cellmate and he has not communicated that to staff, the court will direct the clerk to send a copy of this order and the complaint to the Sheriff of St. Joseph County so that he is aware of Nunn's concerns.

If Nunn believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

ACCORDINGLY, the court:

(1) DIRECTS the clerk to fax or email a copy of this order and Jason R. Nunn's complaint (ECF 1) to the Sheriff of St. Joseph County at the St. Joseph County Sheriff's Department;

(2) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of delivery;

(3) GRANTS Jason R. Nunn until **December 8, 2023**, to file an amended complaint; and

4

(4) CAUTIONS Jason R. Nunn that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 8, 2023.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT